IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Roger Ashworth, #218399, ) | |
| ) | Civil Action No. 6:11-1472-JMC-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden Cartledge, McCormick C.I., ) | |
| ) | |
| Respondent. ) | |

       The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

       On August 29, 2011, the respondent filed a motion for summary judgment. By order filed August 30, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response in opposition on September 21, 2011, and the respondent filed a reply on September 26, 2011.

**BACKGROUND**

       The petitioner is currently confined at McCormick Correctional Institution in the South Carolina Department of Corrections ("SCDC") pursuant to orders of commitment from the Clerk of Anderson County. The petitioner was indicted by the Anderson County Grand Jury of the Anderson County Court of General Sessions for Burglary First Degree

(2008-GS-04-26); Larceny/Grand Larceny >$1000 < $5000 (2008-GS-211); Burglary, First Degree (2008-GS-04-920); and, Larceny/Grand Larceny >$1000 < $5000 (2008-GS- 04-921) (App. 137-42; resp. m.s.j., attach. no. 11). The petitioner was represented by Hugh Welborn. The State was represented by T. Matthew Bradley and Scott McElhannon, both Assistant Solicitors for the Tenth Judicial Circuit (App. 1-71; Tr. 1-9). On June 3, 2008, the petitioner proceeded to trial by jury on one of the Burglary, First Degree indictments (2008-GS-04-920) before the Honorable J. Cordell Maddox, Circuit Court Judge (App. 1-55). On June 4, 2008, he pled guilty to the Burglary, First Degree charge (App. 55-71). Judge Maddox sentenced the petitioner to 15 years confinement (App. 69).

On June 5, 2008, the petitioner pled guilty to the two Larceny/Grand Larceny charges and the second Burglary, First Degree charge. Judge Maddox sentenced him to 15 years confinement on the Burglary, First Degree conviction, five years confinement on one of the Larceny/Grand Larceny convictions (2008-GS-04-211), and 10 years confinement on the other Larceny/Grand Larceny conviction (2008-GS-04-921), all to be served concurrently with the sentence for the first Burglary, First Degree conviction (Tr. 7-8). The petitioner did not file a direct appeal.

### *Underlying Case Facts*

On October 24, 2007, the petitioner and a co-defendant entered a home in Belton, South Carolina. The petitioner stuffed items from the home in boxes and baskets in order to take them from the property. The homeowner came home and caught the two in the act. The co-defendant ran to a truck and yelled at the petitioner to leave. The victim indicated that the petitioner told him his name was Roger Ashby and that he had been told the house was for rent. The victim got the tag number and a description of the truck. Law enforcement used that information and determined the truck belonged to the petitioner. Subsequently, the co-defendant gave a written confession stating that she and the petitioner went to the place to steal items. The co-defendant pled guilty prior to the

petitioner's plea hearing. The petitioner had a lengthy criminal history, which included three burglary convictions in 1993 (App. 61-62).

On October 24, 2007, the petitioner broke into another home in Anderson County with the intent to commit a crime. He was charged with Burglary, First Degree, based upon his multiple prior convictions for burglary. On October 29, 2007, he took a black enclosed trailer valued at $5,000 from another property in Anderson County. On November 7, 2007, the petitioner took a utility trailer valued at $2,500 from property in Williamston, South Carolina (Tr. 6)

### *PCR Action*

On October 17, 2008, the petitioner filed an Application for Post-Conviction Relief ("PCR") (2008-CP-04-3587), alleging his guilty plea was not knowingly and voluntarily entered due to counsel's ineffectiveness, allegedly denying petitioner due process of law[1] (App. 72-81). Specifically, the petitioner claimed counsel improperly induced him to plead guilty by informing him that he could not win at trial and that the other charges would be dropped against him, which the petitioner asserts did not happen. Further, the petitioner alleged counsel failed to inform him that since no one lived at the structure that was allegedly burglarized, he could not be found guilty of burglary in the first degree (App. 79). The State filed its Return on December 29, 2008 (App. 82-85).

An evidentiary hearing in the PCR action was held before the Honorable Alexander S. Macaulay, Circuit Court Judge, on June 17, 2009. The petitioner was present and was represented by William Phillips. The State was represented by Assistant Attorney General A. West Lee (App. 86-125). On November 9, 2009, the PCR court filed an Order of Dismissal.

---

[1] In the application, the petitioner challenged all four convictions.

In the Order, Judge Macauley noted that he had the opportunity to review the record in its entirety and had heard the testimony at the PCR hearing. He had further opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility, and weigh their testimony accordingly (App. 130). Set forth below are the PCR court's relevant findings of facts and conclusions of law (App. 130).

The petitioner alleged that his attorney did not review the State's evidence with him. However, it was counsel's testimony that he had several discussions with the petitioner regarding the discovery, which included an eyewitness who identified the petitioner as the perpetrator. In addition, Robert Lusk, a local attorney and friend of the petitioner, testified that he was present for some of those discussions and remembered that discovery was reviewed with the petitioner (App. 131).

With respect to this claim, the PCR court found that the petitioner had not met his burden of proof. The PCR court found the testimony of the attorneys to be credible, while also finding the petitioner's testimony on the issue not to be credible. Further, the PCR court found that the petitioner was asked during his guilty plea if he had enough time to speak with his lawyer and if he was satisfied with his lawyer's services and noted that the petitioner's answer to both questions was yes. The PCR court also noted that when asked if he had any additional questions for his attorney, the petitioner replied that he did not. If the petitioner had any concerns regarding the discovery in the case not being discussed with him, he had ample opportunity to make a note of it on the record, but chose not to do so. The PCR court found that counsel adequately reviewed the discovery with the petitioner, and this allegation was denied (App. 131).

The petitioner also alleged that counsel did not sufficiently research the law regarding Burglary to adequately present his case. The petitioner testified that the building he entered was not a dwelling that met the definition of the Burglary statute, and that as a result, he should not have been allowed to plead guilty to that crime (App. 131). Counsel

4

testified that he researched the Burglary statutes, the definition of dwelling, and the case law on the subject, and determined that the petitioner committed the crime in a dwelling fitting the definition provided by the statute. Counsel also testified that the petitioner had two priors, which elevated the crime to Burglary, First Degree. With respect to this claim, the PCR court found that the petitioner had not sustained his burden of proof. The PCR court found counsel's testimony that he researched the issues involved in the case to be credible, while simultaneously finding the petitioner's testimony on this issue not credible. The PCR court found that counsel did an adequate amount of research into the petitioner's case and had ample reason to believe that the petitioner would have been found guilty based on his findings. As such, this allegation was denied (App. 132).

The petitioner also alleged in his PCR application that he was not informed of his right to appeal the guilty plea. However, counsel testified that he did so inform the petitioner. In addition, Robert Lusk also testified that the petitioner was advised of his appeal rights. With respect to this allegation, the PCR court found that the petitioner had failed to meet his burden of proof. Counsel has a constitutionally imposed duty to consult with the defendant about an appeal only when there is reason to think either: (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal); or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing (App. 132 (citing *Roe v. Flores-Ortega*, 120 S.Ct. 1029 (2000)). Absent extraordinary circumstances, such as when there is reason to think a rational defendant would want to appeal, for example, because there are non-frivolous grounds for appeal, or when the defendant reasonably demonstrated an interest in appealing, there is no constitutional requirement that a defendant be informed of the right to a direct appeal from a guilty plea (App. 132-33 (citing *Turner v. State*, 670 S.E.2d 373 (S.C. 2008)).

The PCR court found that counsel informed the petitioner of his appeal rights. The PCR court also found that counsel's testimony that he advised the petitioner of his right to appeal to be credible, as it was supported by the testimony of Mr. Lusk. At the same time, the PCR court found that the petitioner's unsupported testimony on this issue was not credible. Therefore, the PCR court found that the petitioner knowingly and voluntarily waived his right to an appeal (App.133).

The petitioner's final allegation was that his guilty plea was rendered involuntary by his counsel's failure to adequately advise him concerning his case. The petitioner testified that if not for the ineffective assistance of his attorney, he would have chosen not to plead guilty and instead would have elected to proceed to trial (App.133). However, it was the testimony of both plea counsel and Mr. Lusk that the petitioner was fully advised regarding the charges against him, the possible punishments associated with those charges, and his constitutional rights. Counsel also testified that the petitioner understood their conversations and knew that his guilty plea would constitute a waiver of his constitutional rights. Both counsel and Mr. Lusk testified that the petitioner was informed of his right to appeal, and both men testified that they did not exert any pressure over him to coerce a guilty plea (App.133).

Furthermore, at the petitioner's plea hearing, the judge informed him that no one could make him plead guilty, and the petitioner stated that he understood (App. 57, 133). The judge also recited to the petitioner his constitutional rights and informed the petitioner that entering a guilty plea would operate as a waiver of those rights (App. 133-34). The petitioner again replied that he understood (App. 57-58, 134). Further, the plea judge advised the petitioner that the minimum sentence he could receive would be 15 years and that he could potentially receive a life sentence, and the petitioner said he understood. The petitioner testified at his plea that he was satisfied with the services of his attorney and had ample time to speak with him. Further, the petitioner further testified at his plea that it was

his desire to plead guilty, that it was his decision, and that he was doing so on his own without any pressure. Finally, the petitioner admitted on the record that he was guilty of the crime (App. 58-60, 134).

With respect to this allegation, the PCR court found that the petitioner had failed to sustain his burden of proof. The PCR court found counsel's testimony that he adequately advised the petitioner regarding the particulars of his case to be credible, as it was supported by the testimony of Mr. Lusk and the transcript of the guilty plea hearing. At the same time, the PCR court also found that the petitioner's unsupported testimony on this issue not to be credible. Further, the PCR court found counsel's testimony that although he advised the petitioner that pleading guilty was in his best interests he did not coerce the petitioner into pleading to be credible, as it was again supported by the transcript. The PCR court found the petitioner's testimony on the issue was not credible. Consequently, the PCR court found that the petitioner's guilty plea was freely, knowingly, and voluntarily entered, and this allegation was denied (App. 134).

Except as discussed above, the PCR court found that the petitioner failed to present evidence in support of the remaining allegations set forth in his application at the hearing and had, thereby, waived them (App. 135). The petitioner's failure to address these issue at the hearing indicated a voluntary and intentional relinquishment of his right to do so. Therefore, any and all remaining allegations were denied and dismissed (App. 135).

Based on all the foregoing, the PCR court found that the petitioner had not established any constitutional violations or deprivations that would require the PCR court to grant his application. Therefore, the application for PCR was denied and dismissed with prejudice (App. 135). The PCR court advised the petitioner that he must file and serve a notice of appeal within 30 days from the receipt by counsel of written notice of entry of judgment to secure the appropriate appellate review (App. 135 (citing Rule 203, SCACR)).

### *PCR Appeal*

The petitioner timely served and filed a Notice of Appeal on November 13, 2009. In this appeal, the petitioner was represented by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. The petitioner's appeal to the PCR court's order was perfected with the filing of a *Johnson* Petition for Writ of Certiorari. In the *Johnson* Petition, counsel argued that plea counsel was ineffective in his representation of the petitioner. Specifically, counsel argued the petitioner's testimony supported a finding of ineffectiveness because the petitioner claimed the structure he entered was not a dwelling, the petitioner only talked with counsel for five minutes, and the petitioner felt coerced into pleading guilty. The petitioner also filed a *pro se* Petition for Writ of Certiorari. In his *pro se* Petition, the petitioner raised two issues. First, he asserted PCR counsel was ineffective for failing to argue that the petitioner was not eligible to be sentenced to a first-degree burglary using prior convictions not applicable to the recidivist statute. He contended that argument should have been raised to preserve it for appellate review. Second, the petitioner claimed PCR counsel was ineffective in failing to assert a claim that trial counsel was ineffective for allowing the petitioner to plead to first-degree burglary on Indictment No. 2008-GS-04-26 because the burglary was committed in the daytime and the aggravating circumstance alleged the offense was committed at nighttime.

In an order filed May 26, 2011, the South Carolina Supreme Court denied the *Johnson* Petition for Writ of Certiorari. After careful consideration of the entire record as required by *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), the Supreme Court denied the petition and granted counsel's request to withdraw. The Remittitur of record was issued on June 13, 2011.

### *Federal Habeas Petition*

In the federal habeas petition now before this court, the petitioner alleges the following (verbatim):

> **Ground One**: Whether plea counsel was ineffective in his representation of Petitioner.
>
> Supporting facts: Petitioner testified at PCR hearing that he did not knowingly and voluntarily enter his guilty plea. App. Pg. 92, lines 10-13. Petitioner wanted a jury trial. App. 93, lines 13-16. He said the structure he was accussed[sic] of going into was not a dwelling because it was not being lived in and the electricity was off. S.C. Code of laws §16-11-10 (2003). Counsel failed to move for a dismissal because this element could not be proved and did not explain this misadvice of counsel.
>
> **Ground Two**: Ineffective Assistance of PCR Counsel Denial of Due Process, Rule 60(B)(6) motion for remand
>
> Supporting facts: Counsel failed to argue and preserve all available issues for appellate review in violation of § 17-27-80, S.C. R. Civ.P. 52(A) and Rule 71.7(F) S.C.R.Civ.P. Counsel failed to argue at PCR that Petitioner could not be sentenced for a first degree burglary by using non-violent prior burglaries not enumerated under subsection F, for the purposes of determining a prior or previous conviction.S.C. Section §17-25-45(F). Petitioner was placed on notice for seeking a life sentence by the state.
>
> **Ground Three**: Ineffective assistance of PCR Counsel and trial counsel, Rule 60(B)(6) motion for remand/relief from judgment
>
> Supporting facts: counsel was ineffective for allowing Petitioner to plead guilty to a Burglary 1st, aggravating factor was alleged occoured[sic] in the nighttime/which actually occoured[sic] in the daytime. See pg. 33 trial transcript, lines 6-12. PCR Counsel failed to argue that the element of nighttime could not be proven and that it would only support a burglary second non-violent.

**APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words,

11

> habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is *de novo*. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA *de novo* standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

***Ground One***

The petitioner argues in Ground One that counsel should have moved to have an indictment dismissed because there was no evidence establishing that the building that he burgled was a dwelling (pet. 5). However, in his response in opposition to the motion for summary judgment, he also asserts plea counsel was ineffective in not arguing that he was only guilty of Burglary, Second Degree and that plea counsel should have at least made an objection raising the argument that the building was not a dwelling so that he could have raised the issue on appeal (pet. resp. m.s.j. 4-9). The respondent argues that these two "new claims" are procedurally barred as neither claim was ruled upon by the PCR court nor raised in the PCR appeal and, as such, they were not preserved for review by the South Carolina Supreme Court. However, this court finds that these claims are quite similar to the petitioner's claim in PCR that the building he entered was not a dwelling under the definition of the Burglary statute, and his further claim that his counsel should therefore have advised him not to plead guilty to Burglary, First Degree (*see* App. 131-32). Accordingly, they will be considered here.

Ground One fails on the merits. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at

687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. With regard to guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Similarly, a guilty plea is constitutionally valid if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Id.* at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A plea is knowingly and intelligently made if a defendant is "'fully aware of the direct consequences'" of his guilty plea and not induced by threats, misrepresentation, including unfulfilled or unfulfillable promises, or by "'promises that are by their nature improper as having no relationship to the prosecutor's business.'" *Brady v. U.S.*, 397 U.S. 742, 755 (1970) (quoting *Shelton v. United Statees*, 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc)). The defendant may not later assert that his plea was invalid except in extremely limited situations, such as where counsel was ineffective. *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977).

In addressing this claim, the PCR court noted counsel testified that he researched the burglary statutes, the definition of dwelling, and the case law on the subject, and determined the petitioner committed the crime in a dwelling fitting the definition provided by the statute. Counsel noted that the building "was completed, there were things

13

in the house. It was inhabitable. It was a dwelling under the statute" (App. 110). Counsel also testified the petitioner had two prior convictions for Burglary (App. 110). The PCR court found the petitioner had not sustained his burden of proof (App. 132). The PCR court found counsel's testimony that he researched the issues involved in the case was credible and found the petitioner's testimony on this issue not credible. The PCR court further found counsel did an adequate amount of research into the petitioner's case and had ample reason to believe that the petitioner would have been found guilty based on his findings. As a result, the PCR court denied relief (App. 132).

This court agrees with the respondent that the petitioner cannot establish the PCR court either made an unreasonable determination of the facts or unreasonably applied federal law. The PCR court's factual findings in denying relief upon this claim are supported by the record. While the petitioner did testify the building he entered did not meet the statutory definition of "dwelling" (App. 94-96), counsel testified that he researched whether the place where the crime was committed constituted a dwelling, and he determined through his research that it was a dwelling (App. 109-10). Further, counsel testified the petitioner had two prior convictions, which also supported a Burglary, First Degree conviction (App. 110). The petitioner also fails to show the PCR court's denial of relief upon this claim was the result of an unreasonable application of federal law. The PCR court credibility findings are entitled to deference. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). The petitioner did not identify which of the two burglaries involved breaking into a structure that was not of a dwelling. Meanwhile, counsel's testimony clearly reflected he reviewed the issue and determined the State could establish the petitioner had broken into a dwelling (App. 109-10). The petitioner has presented no evidence that undermines plea counsel's findings in his research. Furthermore, to the extent the petitioner alleges that his trial counsel should have preserved

the argument for appeal, it is important to note that the petitioner pled guilty. In South Carolina, guilty pleas are unconditional. *See State v. Truesdale*, 296 S.E.2d 528, 529 (S.C. 1982) ("Pleas of guilty are unconditional, and if an accused attempts to attach any condition or qualification thereto, the trial court should direct a plea of not guilty."). Accordingly, counsel could not have been found deficient in not preserving this issue for appeal. Based upon the foregoing, this ground for relief should be denied and dismissed.

***Ground Two***

In Ground Two, the petitioner asserts PCR counsel was ineffective for not raising a claim during the PCR action. The Fourth Circuit has held that alleged infirmities in a state post-conviction action are not matters that may be addressed in federal habeas actions. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988). The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculations. 28 U.S.C. 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3rd Cir. 2004). Accordingly, the respondent is entitled to summary judgment on this ground.

***Ground Three***

In Ground Three, the petitioner asserts that his trial counsel was ineffective for allowing him to plead guilty to Burglary, First Degree, when the breaking into the dwelling did not occur at night. The respondent argues that this portion of Ground Three is procedurally barred, and this court agrees. The petitioner did not raise this claim in his PCR action. Further, the PCR court did not rule upon this claim. Since this claim was not raised and ruled upon in the PCR court, it was not preserved for review for the South Carolina Supreme Court. *Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (issue must be both raised

and ruled upon by the PCR court to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend judgment); *see Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009) (acknowledging same applied consistently and regularly in South Carolina after *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007)). Since the petitioner did not properly present the claim to the South Carolina Supreme Court for review, and the South Carolina state courts would find it procedurally defaulted if the petitioner attempted to raise the claim now, the claim is procedurally barred in federal habeas corpus. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722 (1991).

Accordingly, this portion of Ground Three is procedurally barred absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A prisoner can demonstrate cause for procedural default by proving that he was deprived of constitutionally effective assistance of counsel. *Id.* Here, the petitioner argues that the "cause" for the default was the ineffective assistance of his PCR counsel (pet. resp. m.s.j. 12-13). The ineffective assistance of state habeas counsel cannot excuse procedural default given that there is no Sixth Amendment right to effective assistance of counsel in state habeas proceedings. *See Barraza v. Cockrell*, 330 F.3d 349, 352 (5th Cir.2003) ("there is no constitutional right to competent habeas counsel," and state statutory requirement for the appointment of competent habeas counsel does not create a constitutionally secured right); *Weeks v. Angelone*, 176 F.3d 249, 274 (4th Cir.1999) ("[T]his Court does not recognize a constitutional right to counsel on state habeas . . . .").

In the alternative, the petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United*

*States*, 523 U.S. 614, 623 (1998). The petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* As argued by the respondent, the record would make an assertion of actual innocence incredible. The petitioner admitted his guilt to the charges (App. 60; Tr. 5). He also agreed with the facts of guilt presented at both plea hearings (App. 63; Tr. 7). Based upon the foregoing, this claim is procedurally barred.

Also in Ground Three, the petitioner alleges that his PCR counsel was ineffective as he should have argued that plea counsel was ineffective in allowing him to plead guilty to Burglary, First Degree, since the element of nighttime could not be proven. As discussed above with regard to Ground Two, the Fourth Circuit has held that alleged infirmities in a state post-conviction action are not matters that may be addressed in federal habeas actions. *Bryant*, 848 F.2d at 493. The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculations. 28 U.S.C. 2254(i); *Lambert*, 387 F.3d at 247. Accordingly, summary judgment should be granted on this claim.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 17) be granted.

                                                   s/ Kevin F. McDonald
                                                United States Magistrate Judge

February 1, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).